UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

PHILIP GORDON,

      Plaintiff,

v.

JOHN HANCOCK MUTUAL
LIFE INSURANCE COMPANY,

      Defendant.

_____/

CASE NO. 97-6875-CIV-ROETTGER

Magistrate Judge Seltzer

**NOTICE OF FILING OF**
**NOTICE OF REMOVAL**
**IN STATE COURT**

TO:   Clerk of the Court
      U.S. District Courthouse
      299 East Broward Blvd.
      Ft. Lauderdale, Florida 33301

     PLEASE TAKE NOTICE that defendant, John Hancock Mutual Life Insurance Company,

has this date filed in the Clerk's Office for the Seventeenth Judicial Circuit, Broward County, Florida,

a copy of the Notice of Removal filed in this Court. A copy of the Notice of Filing in the Circuit

Court for Broward County is attached hereto.

                   SHUTTS & BOWEN LLP
                   Attorneys for Defendant
                   201 S. Biscayne Boulevard
                   1500 Miami Center
                   Miami, Florida 33131
                   (305) 358-6300

           By: _____
                   John E. Meagher
                   Florida Bar No. 511099
                   Jeffrey M. Landau
                   Florida Bar No. 863777

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 24TH day

of July, 1997 to Carl S. Karmin, Karmin & Adler, 750 Southeast Third Avenue, Suite 200, Fort

Lauderdale, Florida 33316.

_____
Of Counsel

MIA95 154526.1 - TDW

–2–

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 97-05752 CACE

PHILIP GORDON,

      Plaintiff,

v.

JOHN HANCOCK MUTUAL
LIFE INSURANCE COMPANY,

      Defendant.

_____/

## NOTICE OF FILING NOTICE OF REMOVAL

TO:   Clerk of the Circuit Court
       Broward County Courthouse
       201 S.E. 6th Street
       Ft. Lauderdale, Florida 33301

       PLEASE TAKE NOTICE that defendant, JOHN HANCOCK MUTUAL LIFE INSURANCE

COMPANY, has filed this date its Notice of Removal, a copy of which is attached hereto, in the

Office of the Clerk of the United States District Court for the Southern District of Florida.

                 **SHUTTS & BOWEN LLP**
                 Attorneys for Defendant
                 201 S. Biscayne Boulevard
                 1500 Miami Center
                 Miami, Florida 33131
                 (305) 358-6300

       By: _____
                 John E. Meagher
                 Florida Bar No. 511099
                 Jeffrey M. Landau
                 Florida Bar No. 863777

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this $23^{\underline{rd}}$ day of July, 1997 to Carl S. Karmin, Karmin & Adler, 750 Southeast Third Avenue, Suite 200, Fort Lauderdale, Florida 33316.

Of Counsel

MIA95 154525.1 - TDW

-2-

UNITED STATES DISTRICT COURT **97 - °875**
SOUTHERN DISTRICT OF FLORIDA **CIV-ROETTGER**

PHILIP GORDON,                         CASE NO.

        Plaintiff,                                    MAGISTRATE JUDGE
                                                         SELTZER,

v.

JOHN HANCOCK MUTUAL                    **NOTICE OF REMOVAL**
LIFE INSURANCE COMPANY,

        Defendant.

_____/

        Defendant, JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY ("John

Hancock"), by and through its undersigned counsel, files this Notice of Removal of this action from

the Circuit Court of the Seventeenth Judicial Circuit of the State of Florida, in and for Broward

County, in which Court said action is pending, to the District Court of the United States, in and for

the Southern District of Florida, and shows:

        1.      Plaintiff commenced this action in the Circuit Court of the Seventeenth Judicial Circuit

of the State of Florida, in and for Broward County, entitled Philip Gordon v. John Hancock Mutual

Life Insurance Company, Case No. 97-5752 CACE, by filing the Complaint on or about April 16,

1997.

        2.      John Hancock timely removed this matter to this Court on May 15, 1997.  Philip

Gordon v. John Hancock Mutual Life Insurance Company, Case No. 97-6602-CIV-ZLOCH.

        3.      On June 23, 1997, the Court *sua sponte* determined that the case was not removable

and remanded the case to Circuit Court on the grounds that the "allegations of the Complaint were

insufficient to satisfy diversity jurisdiction" in that the face of the Complaint did not show that plaintiff

was a citizen of Florida and that the Complaint also did not show that the amount in controversy

exceeded $75,000.00.

4.      Upon remand to Circuit Court, John Hancock propounded its First Request for Admissions to plaintiff, a copy of which is attached hereto as Exhibit "A." On July 17, 1997, plaintiff responded, admitting that he is a citizen of Florida and that the damages sought in this matter exceed $75,000. See Plaintiff's Response to Request for Admissions, attached hereto as Exhibit "B."

5.      Thus, the above-described action is one in which this court has original jurisdiction pursuant to the provisions of Title 28, United States Code, Section 1332, and is one which may be removed to this Court by John Hancock pursuant to the provisions of Title 28, United States Code, Section 1441, in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

6.      This notice of removal is timely under the provisions of 28 U.S.C. 1446(b), in that it is being filed within thirty days after the receipt by John Hancock "through service or otherwise, of a copy of an amended pleading, motion, order or <u>other paper from which it may first be ascertained that the case is one which is or has become removable</u>. . . ."[1]

_____

[1]      28 U.S.C. § 1446(b), states in pertinent part:

> <u>If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable</u>, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

(emphasis added).  It is undisputed that responses to requests for admissions or other discovery responses may constitute the "other paper from which it may first be ascertained that the case is . . . removable."  See <u>Bonnell v. Seaboard Airline Railroad Co.</u>, 202 F. Supp 53 (N.D. Fla. 1962); 16 <u>Moore's Federal Practice</u>, § 107.30[3][e] (3d. ed. 1997).

7.    At all times material hereto, John Hancock was and is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business in the State of Massachusetts. John Hancock is authorized to do business in the State of Florida. Complaint, ¶ 3.

8.    Plaintiff is a citizen and resident of the State of Florida. Complaint, ¶ 2; Response to Request for Admissions Nos. 1 and 2.

9.    The amount of damages sought by plaintiff in this matter, and thus the amount in controversy, is in excess of $75,000.00, exclusive of interest and costs. Response to First Request for Admissions Nos. 3 and 4.

10.    All process, pleadings, orders and other papers which have been filed/served in this case are attached to this Notice of Removal as Exhibit "C."

WHEREFORE, defendant, John Hancock Mutual Life Insurance Company, hereby gives notice of the removal of this action now pending against it in the Circuit Court of the Seventeenth Judicial Circuit of the State of Florida, in and for Broward County.

Respectfully submitted,

**SHUTTS & BOWEN LLP**
Attorneys for John Hancock
201 South Biscayne Boulevard
1500 Miami Center
Miami, Florida 33131
(305) 358-6300
Telecopier: (305) 381-9982

By: _____
John E. Meagher
Florida Bar No. 511099
Jeffrey M. Landau
Florida Bar No. 863777

-3-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 23

day of July, 1997 to Carl S. Karmin, Karmin & Adler, 750 Southeast Third Avenue. Suite 200, Fort

Lauderdale, Florida 33316.

Of Counsel

MIA95 154479.1 - JML

**-4-**

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 97-05752 CACE

PHILIP GORDON,

     Plaintiff,

v.

JOHN HANCOCK MUTUAL
LIFE INSURANCE COMPANY,

     Defendant.

_____/

JUL   2 1997

**A TRUE COPY**
**Circuit Court Seal**

## DEFENDANT'S FIRST REQUEST FOR ADMISSIONS

Defendant, JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY ("John Hancock"), by and through undersigned counsel, hereby propounds its First Requests for Admissions to plaintiff, PHILIP GORDON ("Gordon"), pursuant to Rule 1.370, Florida Rules of Civil Procedure and requests plaintiff to admit the following facts:

1.     Plaintiff Philip Gordon is a resident of the state of Florida.

2.     Plaintiff Philip Gordon is a citizen of the state of Florida.

3.     The total amount of business overhead expense disability insurance benefits claimed by Gordon in this matter exceeds $75,000.00.

**EXHIBIT A**

4.    · The total damages sought by Gordon in this action, exclusive of interest and costs, exceeds $75,000.00.

SHUTTS & BOWEN LLP
Attorneys for Defendant
201 S. Biscayne Boulevard
1500 Miami Center
Miami, Florida 33131
(305) 358-6300

By: _____
John E. Meagher
Florida Bar No. 511099
Jeffrey M. Landau
Florida Bar No. 863777

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 30TH day of June, 1997 to Carl S. Karmin, Karmin & Adler, 750 Southeast Third Avenue, Suite 200, Fort Lauderdale, Florida 33316.

_____
Of Counsel

MIA95 150349.1 - TDW

-2-

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA.

CASE NUMBER: 97-05752-14
JUDGE      : STREITFELD

PHILIP GORDON,

    Plaintiff,

vs.

JOHN HANCOCK MUTUAL LIFE
INSURANCE COMPANY,

    Defendant.

_____/

## RESPONSE TO FIRST REQUEST FOR ADMISSIONS

John E. Meagher, Esquire
SHUTTS & BOWEN
201 S. Biscayne Blvd., 1500 Miami Center
Miami, Florida 33131

COMES NOW the Plaintiff, PHILIP GORDON, by and through his undersigned counsel, and files this his Response to First Request for Admissions, which was propounded by the Defendant on June 30, 1997, and would respond as follows:

    1.  Admitted.

    2.  Admitted.

    3.  Admitted.

    4.  Admitted.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail to:  the above named addressee, on this ____/7_____day of July, 1997.


EXHIBIT D

```
KARMIN & ADLER
Attorneys for Plaintiffs
750 S.E. 3rd Avenue
Suite 200
Fort Lauderdale, Florida 33316
Tel:  (954) 768-9060


By:  _____
         CARL S. KARMIN
         Florida Bar No:  384127
```

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA.

CASE NUMBER:
JUDGE          :

**RECEIVED**
APR 2 3 1997
**LAW DEPT.-7N**

PHILIP GORDON,

    Plaintiff,

vs.

JOHN HANCOCK MUTUAL LIFE
INSURANCE COMPANY,

    Defendant.

_____/

REC'D _____
SERVED _____
DT. 4-13-97 _____ 1:10 p
PS _____
HECTOR CASTRO
S.P.S. # 287

S U M M O N S

**TO THE STATE OF FLORIDA:**
TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE:

    YOU ARE HEREBY COMMANDED to serve this Summons and a Copy of
the Complaint in this action on:

Defendant:               JOHN HANCOCK MUTUAL LIFE INSURANCE
                         COMPANY

Registered Agent:      PETER F. SOUSA

Address:                CT CORPORATION SYSTEM
                         1201 S. PINE ISLAND ROAD
                         PLANTATION, FL. 33324

    Each Defendant is required to serve written defenses to the
Complaint on Plaintiff's Counsel who is: CARL S. KARMIN, ESQUIRE
KARMIN & ADLER, 750 Southeast 3rd Avenue, Suite 200, Fort
Lauderdale, Florida, 33316, within Twenty (20) days after service
of this Summons on that Defendant, exclusive of the date of
service, and to file the original of the defenses with the Clerk of
the above-styled Court either before service on Plaintiff's Counsel
or immediately thereafter.

EXHIBIT C

If a Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the Complaint.

WITNESS my hand and the seal of said Court on this ____ day of _____, 1997.

**APR 16 1997**

ROBERT E. LOCKWOOD
As Clerk of the Court

By:_____
Deputy Clerk

DEBORAH A. LEWIS

**A TRUE COPY**
Circuit Court Seal



IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT, IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO:
JUDGE:

97005752

PHILLIP GORDON,

          Plaintiff,

vs.

JOHN HANCOCK MUTUAL
LIFE INSURANCE COMPANY,

          Defendant,

_____/

## COMPLAINT

COMES NOW the Plaintiff, PHILLIP GORDON, by and through his

undersigned counsel, and sues the Defendant, JOHN HANCOCK

MUTUAL LIFE INSURANCE COMPANY (hereinafter referred to as "JOHN

HANCOCK"), and states:

1.    This is an action for damages which exceed Fifteen

Thousand Dollars ($15,000.00), exclusive of interests and costs.

2.    At all times material hereto and at the times of the

incidents complained of, the Plaintiff was a resident of Broward

County, Florida.

3.    At all times material hereto and at the times of the

incidents complained of, the Defendant, JOHN HANCOCK, was and is

a corporation organized and existing under the laws of the State

of Massachusetts, with its principal place of business in Boston,

Massachusetts.  The Defendant, JOHN HANCOCK, is authorized to

engage in the insurance business in the State of Florida.

4.    On February 14, 1991, in consideration of a premium

paid by the Plaintiff, PHILLIP GORDON, to Defendant, the

Defendant, JOHN HANCOCK, executed and delivered to the Plaintiff

a policy of insurance bearing policy number HOO9 754 606.  A copy

of the declaration page is attached to this complaint and marked

as "Exhibit A."

5.    On or about May 12, 1995, the Plaintiff became ill with

severe back pain and cognitive deficits and since that time has

been disabled because of such sickness within the meaning of the

above referenced policy number. The Plaintiff has been disabled

from May 12, 1995 until this date, within the terms of the

policy.

6.    On or about July 13, 1995, the Plaintiff filed a Notice

and Proof of Disability with the Defendant on the forms provided

by the Defendant.  Plaintiff is not in possession of copies of

said forms and is unable to obtain same.

7.    The Plaintiff, PHILLIP GORDON, has performed all of the

conditions required of the Plaintiff by the insurance policy at

issue.

8.    The Defendant, JOHN HANCOCK, has failed and refused to

pay the benefits due to the Plaintiff, PHILLIP GORDON, under the

aforedescribed policy.

9.    Beginning on the 60th day after the disability began,

the Plaintiff, PHILLIP GORDON, became entitled under the terms of

the aforedescribed policy to receive benefits for the time the

Plaintiff remains disabled.

10.   At the time of the filing of this action, a sum has

accrued under the aforedescribed policy as the Defendant has

failed and refused to pay any benefits to the Plaintiff.  During the pendency of this action and prior to judgment, further disability payments are likely to accrue.

11.  Because of Defendant's refusal to pay the benefits due the Plaintiff under the aforedescribed policy, the Plaintiff has retained the undersigned counsel to prosecute this action and has become obligated to pay them a reasonable attorney's fee.

12.  This action was filed more than 60 days after submission to the Defendant, JOHN HANCOCK, of written proof of loss as required by the policy at issue.

WHEREFORE, the Plaintiff, PHILLIP GORDON, requests judgment against the Defendant, JOHN HANCOCK, for damages, together with reasonable attorney's fees pursuant to Section 627.428, Florida Statutes, cost of suit, and such other relief as the court may deem proper.  Plaintiff further demands a trial by jury of all issues so triable as a matter of right.

KARMIN & ADLER
Attorneys for the Plaintiff
750 Southeast Third Avenue
Suite 200
Fort Lauderdale, Florida 33316
(954)  768-9060

By:  CARL S. KARMIN
     Florida Bar No: 384127

INSURED: PHILIP W. GORDON                          DATE OF ISSUE: FEBRUARY 14, 1991

POLICY NUMBER: H009 754 606                        FIRST PREMIUM: $ 763.26
                                                   (for months)

POLICY TITLE: DISABILITY INCOME POLICY (OVERHEAD EXPENSE)

POLICY FORM: IDH 40-90                             ISSUE STATE: FLORIDA

OCCUPATIONAL CLASS: 1                              DATE OF BIRTH: AUGUST 15, 1953

                                                   ISSUE AGE: 37

### SCHEDULE OF BENEFITS

THIS POLICY IS ISSUED WITH NON-SMOKER RATES.

| BENEFITS | ANNUAL PREMIUM |
| --- | --- |
| COVERED EXPENSE MAXIMUM -- $13,000. | $1,079.60 |
| MAXIMUM TOTAL BENEFIT -- $195,000. | |
| ELIMINATION PERIOD -- 90 DAYS<br>WAITING PERIOD FOR NORMAL PREGNANCY DISABILITIES -- 90 DAYS | |
| RESIDUAL RIDER | $81.90 |
| RETURN OF PREMIUM RIDER (ROP) | $293.56 |
| GUARANTEED INSURABILITY RIDER (GIR)<br>    GIR OPTION AMOUNT - $1,500.<br>    GIR EXPIRATION DATE - FEBRUARY 14, 2005<br>    GIR ADDITIONS - 0000. | $12.75 |
| TOTAL ANNUAL PREMIUM | $1,467.81 |

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 97-05752 CACE

PHILIP GORDON,

    Plaintiff,

v.

JOHN HANCOCK MUTUAL
LIFE INSURANCE COMPANY,

    Defendant.

_____/

## NOTICE OF FILING NOTICE OF REMOVAL

TO:   Clerk of the Circuit Court
       Broward County Courthouse
       201 S.E. 6th Street
       Ft. Lauderdale, Florida 33301

    PLEASE TAKE NOTICE that defendant, JOHN HANCOCK MUTUAL LIFE INSURANCE

COMPANY, has filed this date its Notice of Removal, a copy of which is attached hereto, in the

Office of the Clerk of the United States District Court for the Southern District of Florida.

        **SHUTTS & BOWEN LLP**
        Attorneys for Defendant
        201 S. Biscayne Boulevard
        1500 Miami Center
        Miami, Florida 33131
        (305) 358-6300

    By: _____

        John E. Meagher
        Florida Bar No. 511099
        Jeffrey M. Landau
        Florida Bar No. 863777

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 15TH

day of May, 1997 to Carl S. Karmin, Karmin & Adler, 750 Southeast Third Avenue, Suite 200, Fort

Lauderdale, Florida 33316.

_____
Of Counsel

MIA95 139826.1 - TDW

-2-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**97 - 6602**

PHILIP GORDON,                              CASE NO.

**CIV-ZLOCH**

Plaintiff,

*MAGISTRATE JUDGE SELTZER*

v.

JOHN HANCOCK MUTUAL                    **NOTICE OF REMOVAL**
LIFE INSURANCE COMPANY,

Defendant.

_____/

Defendant, JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY ("John Hancock"),

by and through its undersigned counsel, files this Notice of Removal of this action from the Circuit Court

of the Seventeenth Judicial Circuit of the State of Florida, in and for Broward County, in which Court

said action is pending, to the District Court of the United States, in and for the Southern District of

Florida, and shows:

1.      Plaintiff commenced this action in the Circuit Court of the Seventeenth Judicial Circuit

of the State of Florida, in and for Broward County, entitled <u>Philip Gordon v. John Hancock Mutual Life</u>

<u>Insurance Company</u>, Case No. 97-5752 CACE, by filing the Complaint on or about April 16, 1997.

2.      All process, pleadings and orders, as well as pending motions which have been filed in

this case, are attached to this Notice of Removal.

3.      The above-described action is one in which this court has original jurisdiction pursuant

to the provisions of Title 28, United States Code, Section 1332, and is one which may be removed to

this Court by John Hancock pursuant to the provisions of Title 28, United States Code, Section 1441,

in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000.00,

exclusive of interest and costs, and is between citizens of different states.

4.     This notice of removal is timely under the provisions of 28 U.S.C. 1446(b), in that it is being filed within thirty days after the receipt by John Hancock through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action is based.

5.     At all times material hereto, John Hancock was and is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business in the State of Massachusetts. John Hancock is authorized to do business in the State of Florida. Complaint, ¶ 3.

6.     Plaintiff is a citizen and resident of the State of Florida. Complaint, ¶ 2.

7.     As alleged in the Complaint, Plaintiff seeks disability benefits of a maximum of $13,000.00 per month from May, 1995 to the present, plus future benefits. See Complaint ¶¶ 5-10, and Exhibit "A" to Complaint. Accordingly, the amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

WHEREFORE, defendant, John Hancock Mutual Life Insurance Company, hereby gives notice of the removal of this action now pending against it in the Circuit Court of the Seventeenth Judicial Circuit of the State of Florida, in and for Broward County.

> **SHUTTS & BOWEN LLP**
> Attorneys for John Hancock
> 201 South Biscayne Boulevard
> 1500 Miami Center
> Miami, Florida 33131
> (305) 358-6300
> Telecopier: (305) 381-9982
>
> By: _____
> John B. Meagher
> Florida Bar No. 511099
> Jeffrey M. Landau
> Florida Bar No. 863777

-2-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 15TH day of May, 1997 to Carl S. Karmin, Karmin & Adler, 750 Southeast Third Avenue, Suite 200, Fort Lauderdale, Florida 33316.

Of Counsel

MIA95 139784.1 - JML

-3-

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA.

CASE NUMBER:                    97005752
JUDGE        :

PHILIP GORDON,

    Plaintiff,

vs.

JOHN HANCOCK MUTUAL LIFE
INSURANCE COMPANY,

   Defendant.

_____/

**RECEIVED**
**APR 2 3 1997**
**LAW DEPT.-7N**

REC'D
SERVED
DT.4-23-97  1:15 p
PS
HECTOR CASTRO
S.P/S. # 287

14

S U M M O N S

TO THE STATE OF FLORIDA:
TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE:

    YOU ARE HEREBY COMMANDED to serve this Summons and a Copy of
the Complaint in this action on:

Defendant:                    JOHN HANCOCK MUTUAL LIFE INSURANCE
                              COMPANY

Registered Agent:             PETER F. SOUSA

Address:                      CT CORPORATION SYSTEM
                              1201 S. PINE ISLAND ROAD
                              PLANTATION, FL. 33324

    Each Defendant is required to serve written defenses to the

Complaint on Plaintiff's Counsel who is: CARL S. KARMIN, ESQUIRE

KARMIN & ADLER, 750 Southeast 3rd Avenue, Suite 200, Fort

Lauderdale, Florida, 33316, within Twenty (20) days after service

of this Summons on that Defendant, exclusive of the date of

service, and to file the original of the defenses with the Clerk of

the above-styled Court either before service on Plaintiff's Counsel

or immediately thereafter.

If a Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the Complaint.

WITNESS my hand and the seal of said Court on this _____ day of _____, 1997.

**APR 16 1997**

ROBERT E. LOCKWOOD
As Clerk of the Court

By:_____
       Deputy Clerk

DEBORAH A. LEWIS

**A TRUE COPY**
Circuit Court Seal



CACE

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT, IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO:
JUDGE:

97005752

PHILLIP GORDON,

      Plaintiff,

vs.

JOHN HANCOCK MUTUAL
LIFE INSURANCE COMPANY,

      Defendant,
_____/

## COMPLAINT

    COMES NOW the Plaintiff, PHILLIP GORDON, by and through his undersigned counsel, and sues the Defendant, JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY (hereinafter referred to as "JOHN HANCOCK"), and states:

    1.   This is an action for damages which exceed Fifteen Thousand Dollars ($15,000.00), exclusive of interests and costs.

    2.   At all times material hereto and at the times of the incidents complained of, the Plaintiff was a resident of Broward County, Florida.

    3.   At all times material hereto and at the times of the incidents complained of, the Defendant, JOHN HANCOCK, was and is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business in Boston, Massachusetts.  The Defendant, JOHN HANCOCK, is authorized to engage in the insurance business in the State of Florida.

    4.   On February 14, 1991, in consideration of a premium

A TRUE COPY
ROBERT E LOCKWOOD

APR 16 1997

paid by the Plaintiff, PHILLIP GORDON, to Defendant, the
Defendant, JOHN HANCOCK, executed and delivered to the Plaintiff
a policy of insurance bearing policy number HOO9 754 606. A copy
of the declaration page is attached to this complaint and marked
as "Exhibit A."

5.     On or about May 12, 1995, the Plaintiff became ill with
severe back pain and cognitive deficits and since that time has
been disabled because of such sickness within the meaning of the
above referenced policy number. The Plaintiff has been disabled
from May 12, 1995 until this date, within the terms of the
policy.

6.     On or about July 13, 1995, the Plaintiff filed a Notice
and Proof of Disability with the Defendant on the forms provided
by the Defendant. Plaintiff is not in possession of copies of
said forms and is unable to obtain same.

7.     The Plaintiff, PHILLIP GORDON, has performed all of the
conditions required of the Plaintiff by the insurance policy at
issue.

8.     The Defendant, JOHN HANCOCK, has failed and refused to
pay the benefits due to the Plaintiff, PHILLIP GORDON, under the
aforedescribed policy.

9.     Beginning on the 60th day after the disability began,
the Plaintiff, PHILLIP GORDON, became entitled under the terms of
the aforedescribed policy to receive benefits for the time the
Plaintiff remains disabled.

10.    At the time of the filing of this action, a sum has
accrued under the aforedescribed policy as the Defendant has

failed and refused to pay any benefits to the Plaintiff.  During the pendency of this action and prior to judgment, further disability payments are likely to accrue.

11.  Because of Defendant's refusal to pay the benefits due the Plaintiff under the aforedescribed policy, the Plaintiff has retained the undersigned counsel to prosecute this action and has become obligated to pay them a reasonable attorney's fee.

12.  This action was filed more than 60 days after submission to the Defendant, JOHN HANCOCK, of written proof of loss as required by the policy at issue.

WHEREFORE, the Plaintiff, PHILLIP GORDON, requests judgment against the Defendant, JOHN HANCOCK, for damages, together with reasonable attorney's fees pursuant to Section 627.428, Florida Statutes, cost of suit, and such other relief as the court may deem proper.  Plaintiff further demands a trial by jury of all issues so triable as a matter of right.

KARMIN & ADLER
Attorneys for the Plaintiff
750 Southeast Third Avenue
Suite 200
Fort Lauderdale, Florida 33316
(954) 768-9060

By:  CARL S. KARMIN
     Florida Bar No: 384127

INSURED: PHILIP W GORDON

POLICY NUMBER: H009 754 606

POLICY TITLE: DISABILITY INCOME POLICY (OVERHEAD EXPENSE)

POLICY FORM: IDH 40-90

OCCUPATIONAL CLASS: 1

DATE OF ISSUE: FEBRUARY 14, 1991

FIRST PREMIUM: $ 763.26
(for months)

ISSUE STATE: FLORIDA

DATE OF BIRTH: AUGUST 15, 1953

ISSUE AGE: 37

## SCHEDULE OF BENEFITS

THIS POLICY IS ISSUED WITH NON-SMOKER RATES.

| BENEFITS | ANNUAL PREMIUM |
|---|---|
| COVERED EXPENSE MAXIMUM -- $13,000. | $1,079.60 |
| MAXIMUM TOTAL BENEFIT -- $195,000. | |
| ELIMINATION PERIOD -- 90 DAYS WAITING PERIOD FOR NORMAL PREGNANCY DISABILITIES -- 90 DAYS | |
| RESIDUAL RIDER | $81.90 |
| RETURN OF PREMIUM RIDER (ROP) | $293.56 |
| GUARANTEED INSURABILITY RIDER (GIR) GIR OPTION AMOUNT - $1,500. GIR EXPIRATION DATE - FEBRUARY 14, 2005 GIR ADDITIONS - 0000. | $12.75 |
| TOTAL ANNUAL PREMIUM | $1,467.81 |

Form IDH 00-3-90 FL                    3                    I40390FL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

PHILIP GORDON,

    Plaintiff,

v.

JOHN HANCOCK MUTUAL
LIFE INSURANCE COMPANY,

    Defendant.

_____/

CASE NO. 97-6602-CIV-ZLOCH

Magistrate Judge Seltzer

**DEFENDANT
JOHN HANCOCK'S ANSWER
AND AFFIRMATIVE DEFENSES**

Defendant, JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY ("John Hancock"), by and through its undersigned counsel, hereby answers the Complaint of plaintiff Philip Gordon ("Gordon") in numbered paragraphs corresponding to those in the Complaint, as follows:

    1.    John Hancock admits that this purports to be an action for damages in excess of $15,000.00, but denies that John Hancock has any liability to Gordon and therefore that such a cause of action exists.

    2.    John Hancock admits the allegations of paragraph 2 of the Complaint.

    3.    John Hancock admits the allegations of paragraph 3 of the Complaint.

    4.    John Hancock admits that a policy of insurance was issued to Gordon. The terms of that policy, which was not attached to the Complaint, speak for themselves.

    5.    John Hancock denies the allegations of paragraph 5 of the Complaint and demands strict proof thereof.

    6.    John Hancock admits only that plaintiff supplied John Hancock with an initial statement of claim and attending physician's statement on or about July, 1995, and denies all

remaining allegations of paragraph 6 of the Complaint and demands strict proof thereof.

7.    John Hancock denies the allegations of paragraph 7 of the Complaint, including, but not limited to plaintiff's obligation to provide proof of loss.

8.    John Hancock denies the allegations of paragraph 8 of the Complaint and demands strict proof thereof.

9.    John Hancock denies the allegations of paragraph 9 of the Complaint and demands strict proof thereof.

10.    John Hancock denies the allegations of paragraph 10 of the Complaint and demands strict proof thereof.

11.    John Hancock denies that it has failed to pay any benefits due and owing to plaintiff, and is without knowledge of the remaining allegations of paragraph 11 of the Complaint and demands strict proof thereof.

12.    John Hancock denies the allegations of paragraph 12 of the Complaint and demands strict proof thereof.

13.    John Hancock denies each and every allegation of the Complaint not specifically admitted herein, including plaintiff's assertion of an entitlement to attorneys's fees pursuant to § 627.428, Florida Statutes.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a cause of action against John Hancock for which relief may be granted.

-2-

## SECOND DEFENSE

Plaintiff has failed to comply with all conditions precedent, including the provision of adequate proof of loss for claims made on the policy.

## THIRD DEFENSE

John Hancock is entitled to setoff for all benefits previously paid to plaintiff.

## FOURTH DEFENSE

Plaintiff is estopped from making any claims against John Hancock by virtue of his unclean hands, including but not limited to fraudulent misstatements made to John Hancock.

Respectfully submitted,

**SHUTTS & BOWEN LLP**
Attorneys for John Hancock
201 South Biscayne Boulevard
1500 Miami Center
Miami, Florida 33131
(305) 358-6300
Telecopier: (305) 381-9982

By: _____

John E. Meagher
Florida Bar No. 511099
Jeffrey M. Landau
Florida Bar No. 863777

-3-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this $22^{\underline{nd}}$

_ day of May, 1997 to Carl S. Karmin, Karmin & Adler, 750 Southeast Third Avenue, Suite 200,

Fort Lauderdale, Florida 33316.

Of Counsel

MIA95 142675 2 - JML

-4-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

PHILIP GORDON,

    Plaintiff,

v.

JOHN HANCOCK MUTUAL
LIFE INSURANCE COMPANY,

    Defendant.

_____/

CASE NO. 97-6602-CIV-ZLOCH

Magistrate Judge Seltzer

**DEFENDANT
JOHN HANCOCK'S FIRST REQUEST
FOR PRODUCTION OF DOCUMENTS
TO PLAINTIFF**

Defendant John Hancock Mutual Life Insurance Company ("John Hancock"), pursuant to Rule 34, Federal Rules of Civil Procedure, hereby submits its First Request for Production of Documents to Plaintiff Philip Gordon ("Gordon"). The documents requested herein are to be produced at the offices of Shutts & Bowen, 1500 Miami Center, 201 South Biscayne Boulevard, Miami, Florida 33131, or at any other mutually agreeable place, at a time and date mutually agreed upon by counsel, within the time allowed by the Federal Rules of Civil Procedure.

## I. DEFINITIONS

1.     "<u>Person</u>" means and includes any natural person, corporation, partnership, association, firm, or any other private organization, governmental agency or entity, and includes the plural.

2.     "<u>Plaintiff</u>," "<u>Gordon</u>," or "<u>you</u>" refers to and includes Gordon and any of his employees, agents, representatives, attorneys, and any other person directly or indirectly within Plaintiff's control, collectively and individually.

3.     "Defendant" refers to John Hancock, and any of its employees, agents, representatives and any other person known or believed by Plaintiff to be directly or indirectly within John Hancock's control, collectively and individually.

4.     "Policy" refers to John Hancock disability insurance policy H009-754-606.

5.     "Document" is intended to be defined as broadly as in Rule 34 of the Federal Rules of Civil Procedure.

6.     "Relate", "related", "relating", "referring to", "reflecting", "pertaining to," and "concerning" mean and includes warrant or warranting, prove, proving or tending to prove, disprove, disproving, tending to disprove, contain or containing, constitute or constituting, describe or describing, discuss or discussing, evidence or evidencing, refer or referring, state or stating, assess or assessing, record or recording.

7.     "And" or "or" shall be construed conjunctively and disjunctively so as to require the broadest possible production in response to any particular document request.

8.     Reference to the singular shall include the plural and reference to the masculine gender shall include the feminine gender.

9.     The term "all documents" means every document or group of documents as above defined that are known to you or that can be located or discovered by reasonably diligent efforts.

10.    Unless otherwise specified, the relevant time period for these requests is from January 1, 1987 to the present.

## II. INSTRUCTIONS

The following instructions shall apply herein:

-2-

1.    Defendant hereby requests Plaintiff to produce and permit the inspection and copying or photographing of the following designated documents, and other tangible things, to the extent that no claim of privilege is made for such documents.

2.    If any documents requested are claimed to be privileged, please list the following for each document claimed to be privileged:

(a)    Any title or heading and a brief description of the nature and contents of each document claimed to be privileged and its date;

(b)    The name, address, occupation and capacity of the document's author and the name, address, occupation and capacity of the individual(s) to whom the allegedly privileged document was disseminated, if any; and

(c)    The privilege claimed, and the basis therefore.

3.    Unless otherwise agreed, all documents to be produced shall be produced in the form that they are maintained in the ordinary course of business.

4.    Where you are aware of the identity of a document responsive to a request herein, which would be produced by you but for its loss or destruction, please identify that document as completely as possible by identifying the type of document, its date, author(s), and recipient(s). Also, please identify the substance and contents of that document, specify the circumstances surrounding its loss or destruction, and identify the request(s) to which the document pertains.

### DOCUMENTS REQUESTED

1.    All federal or state tax returns of any professional association, partnership, or corporation of which Gordon was a stockholder and/or partner from 1987 to the present.

2.    All medical records relating to Gordon's claimed disability.

-3-

3.    All claim forms for all claims for benefits made by Gordon under any life, disability, hospitalization, major medical or health insurance policy (either group or individual), workmen's compensation or Social Security, from 1987 to the present, whether the benefits sought were ultimately paid or not.

4.    All documents, including, but not limited to, correspondence, medical reports, operative reports, notes, bills, x-rays and/or charts relating to any medical treatment undergone by Gordon from 1987 through the present date.

5.    All documents reflecting receipt by Gordon of any monies paid by John Hancock to Gordon in payment of disability insurance proceeds, including, but not limited to, payments received pursuant to the Policy.

6.    All documents reflecting disability insurance policies maintained by Gordon at any time from 1987 to the present, whether or not such policies are still valid or otherwise in effect.

7.    All documents and pleadings reflecting litigation between Gordon and any insurer, whether health, disability, life, professional liability, malpractice, automobile, or property.

8.    All United States Income Tax returns for Gordon from 1987 through 1996.  (If you do not have complete copies of these returns, please provide a release to IRS for same.)

9.    All correspondence between Gordon or any representative or attorney for Gordon and any insurance company regarding his alleged disability.

10.    All documents which substantiate Gordon's claims for overhead expense benefits in this matter, including all documents referenced in Interrogatory No. 13, served concurrently herewith.

-4-

11      All documents identified in Gordon's answers to John Hancock's first set of

interrogatories to Gordon in this action not otherwise specifically requested herein.

<div style="margin-left: 40%;">

SHUTTS & BOWEN LLP
Attorneys for John Hancock
201 South Biscayne Boulevard
1500 Miami Center
Miami, Florida 33131
(305) 358-6300
Telecopier: (305) 381-9982

By: _____

John E. Meagher
Florida Bar No. 511099
Jeffrey M. Landau
Florida Bar No. 863777

</div>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this

___ day of June, 1997 to Carl S. Karmin, Karmin & Adler, 750 Southeast Third Avenue, Suite 200,

Fort Lauderdale, Florida 33316.

<div style="margin-left: 40%;">

_____

Of Counsel

</div>

MIA96 145534.1 - TDW

-5-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

PHILIP GORDON,                          CASE NO. 97-6602-CIV-ZLOCH

    Plaintiff,                           Magistrate Judge Seltzer

v.

JOHN HANCOCK MUTUAL                     **DEFENDANT**
LIFE INSURANCE COMPANY,                 **JOHN HANCOCK'S INITIAL**
                                        **INTERROGATORIES TO PLAINTIFF**

    Defendant.
_____/

Defendant, John Hancock Mutual Life Insurance Company ("John Hancock"), pursuant to

Rule 33 of the Federal Rules of Civil Procedure, propounds the following Interrogatories to Plaintiff,

Philip Gordon ("Gordon"), to be answered fully and completely in writing under oath within thirty

(30) days after service.

## DEFINITIONS AND INSTRUCTIONS

1.      When knowledge or information in possession of "Plaintiff", "Gordon", or "you", is

requested, such request includes knowledge of Plaintiff, Philip Gordon, any of his employees, agents,

representatives, attorneys, and any other person or entity directly or indirectly subject to Plaintiff's

control.

2.      "Document" is intended to be defined as broadly as in Rule 34 of the Federal Rules

of Civil Procedure, and to include, without limitation, any written, recorded or graphic matter,

however produced or reproduced, and whether or not now in existence, including but not limited to,

correspondence, telegrams, notes or sound recordings of any type of personal or telephone

conversations, or of meetings or conferences, minutes of meetings, memoranda, interoffice

communications, studies, analyses, reports, results of investigations, reviews, contracts, agreements, working papers, statistical records, ledgers, books of account, vouchers, bank checks, invoices, receipts, computer data, stenographer's note books, desk calendars, appointment books, diaries, audio or video recordings, or paper similar to any of the foregoing, however denominated. It includes all matter that relates or refers in whole or in part to the subjects referred to in any Interrogatory. If a document has been prepared in several copies, or additional copies have been made, and the copies are not identical (or which, by reason of subsequent modification are no longer identical) each nonidentical copy is a separate "document."

3      "Identify" or "the identity of" means:

(a) Whenever in the Interrogatories you are asked "the identity of" or to "identify" a document, you shall specifically designate the type of document (i.e., letter, interoffice memorandum, reports, etc.) and shall state: (i) information sufficient to enable Defendant to identify the document, such as its date, the name, address, occupation, and capacity of signers, the title or heading of the document, the subject matter of the document, and its approximate number of pages, (ii) the name, address, occupation and capacity of the person(s) to whom copies were sent; (iii) the present or last known location of the possessor of the original of the document (or, if that is unavailable, the most legible copy).

(b) Wherever in these Interrogatories you are asked "the identity of" or to "identify" a person, you shall furnish information sufficient to enable Defendant to identify the person, including his name, his present whereabouts (home address, employment address, telephone number), his present position, prior relevant positions he has held and similar identifying information.

-2-

(c) Wherever in these Interrogatories you are asked to "identify" a communication. you shall indicate the date thereof, whether the communication was oral or written. identify the document if the communication was written (or, if the oral communication was recorded in any manner in a document), identify the person or persons who sent, received or had knowledge of the communication, and state the information communicated.

4.      "Person" means and includes any natural person, corporation, partnership, association, firm, or any other private organization, governmental agency, or entity, and includes the plural.

5.      If you cannot answer any portion of any of the following Interrogatories in full, after exercising due diligence to secure the information to do so, so state, and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portions.

6.      If you claim privilege as to any communication or information which is requested by these Interrogatories, or as to any answer requested by these Interrogatories, specify the privilege claimed, identify the document, communication and/or answer to which that claim is made, the topic discussed in the communication or documents, and the basis on which you assert the claim.

7.      Unless otherwise designated herein, the relevant time frame is January 1, 1987 through the date of providing answers to the Interrogatories.

-3-

## INTERROGATORIES

Interrogatory No. 1: State whether Plaintiff has been confined and/or treated in any hospital, sanatorium or other health care facility (including outpatient care in a physician's office) from 1987 to the present.

Interrogatory No. 2: If the answer to Interrogatory No. 1 is yes, state:

      a.    The name and address of each hospital, sanatorium or other health care facility;

      b.    The dates of each confinement and/or treatment for each institution listed; and

      c.    The reason for each treatment or confinement.

-4-

Interrogatory No. 3. State whether Plaintiff has made application for any life, disability, hospitalization, major medical or health insurance policy (group or individual) from 1987 to the present, whether a policy was ultimately issued or not. If yes, state:

      a.    The name and address of each company;

      b.    The date of each application; and

      c.    Type of insurance applied for.

Interrogatory No. 4. State whether Plaintiff has made any claim for benefits under any life, disability, hospitalization, major medical or health insurance policy (either group or individual), or workmen's compensation, or Social Security, from 1987 to the present, whether the benefits sought were ultimately paid or not. If yes, state:

      1.    The name and address of each company to which a claim was made;

      2.    The date of each claim; and

      3.    The type of benefits applied for.

SHUTTS & BOWEN LLP  1500 MIAMI CENTER  201 SOUTH BISCAYNE BOULEVARD  MIAMI FLORIDA 33131  (305) 358-6300

Interrogatory No. 5. State the name and address of each doctor or other health care provider from whom treatment was sought by Gordon or with whom Gordon consulted from 1987 to the present

Interrogatory No. 6. For each individual listed in the answer to Interrogatory No. 5, state:

    a.    The date of each visit with each individual listed; and

    b.    The reason for each visit.

Interrogatory No. 7. State the name and address of each company which provided major medical and/or hospitalization insurance to Gordon (whether group or individual coverage) from 1987 to the present.

Interrogatory No. 8. For each month since Gordon allegedly became totally disabled, until the present, state the amount and source of all income received by Gordon.

-7-

Interrogatory No. 9:  If within the past 10 years Gordon has initiated an action against. or had an action initiated against him, by any insurance carrier. please state the case name and number and court in which the action was and/or is pending.

Interrogatory No. 10:  Please list each address at which you have resided in the past 10 years, indicating the dates of residence for each address.

SHUTTS & BOWEN LLP  1500 MIAMI CENTER  201 SOUTH BISCAYNE BOULEVARD  MIAMI FLORIDA 33131  (305) 358-6300

Interrogatory No. 11:  Please identify by name and address all individuals who you believe have knowledge of facts or information pertinent to your claims in this action.

Interrogatory No. 12:  From 1987 to the present, please list all employment held by Gordon.  For each job, please list:

        a.     Employer;

        b.     Employer's address and telephone number;

        c.     Dates of employment;

        d.     Yearly income;

        e.     Hours worked each week;

        f.     Principal duties and responsibilities; and

        g.     Name of Gordon's principal supervisor.

Interrogatory No. 13   For each month in which you are claiming business overhead expense disability insurance benefits, please list the amount of each expense claimed, the date of the expense, and an explanation of the expense (including the name and address of any supplier or employee for whom reimbursement is sought.)

-10-

_____

Philip Gordon

STATE OF FLORIDA           )
                           )SS
COUNTY OF PALM BEACH       )

BEFORE ME, the undersigned authority, this day personally appeared Philip Gordon, who,

being by me first duly sworn, deposes and says that he executed the foregoing interrogatories and that

they are true and correct to the best of his knowledge and belief.

SWORN TO AND SUBSCRIBED before me this ___ day of _____,

1997.

_____
Notary Public
Personally Known ___
or Produced Identification ____
Type: _____

-11-

SHUTTS & BOWEN
Attorneys for John Hancock
201 South Biscayne Boulevard
1500 Miami Center
Miami, Florida 33131
(305) 358-6300

By: _____

John E. Meagher
Florida Bar No. 511099
Jeffrey M. Landau
Florida Bar No. 863777

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this

____ day of June, 1997 to Carl S. Karmin, Karmin & Adler, 750 Southeast Third Avenue, Suite 200,

Fort Lauderdale, Florida 33316.

_____
Of Counsel

MIA95 145526.1 - TDW

-12-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 97-6602-CIV-ZLOCH

PHILIP GORDON,

      Plaintiff,

vs.

**FINAL ORDER OF REMAND**

JOHN HANCOCK MUTUAL
LIFE INSURANCE COMPANY,

      Defendant.

_____/

FILED by _____ D.C.

JUN 2 5 1997

      THIS MATTER is before the Court, sua sponte, and upon the Notice Of Removal (DE 1), filed herein by the Defendant, John Hancock Mutual Life Insurance Company, for removal of the above-styled cause to the United States District Court, Southern District of Florida, and the Court having carefully reviewed the allegations of the Complaint, having carefully reviewed the court file and being otherwise fully advised in the premises, it is

      **ORDERED AND ADJUDGED** that the Notice of Removal (DE 1) filed herein by the Defendant, John Hancock Mutual Life Insurance Company, be and the same is hereby **DENIED.**

      The Notice Of Removal (DE 1) appears to be premised upon this Court's diversity jurisdiction pursuant to Title 28 U.S.C. sections 1332, 1441 and 1446. Whether an action filed in state court may properly be removed to Federal Court is to be determined from the record at the time the Notice Of Removal is filed. Pullman Company v. Jenkins, 305 U.S. 534 (1939). Because removal is only permissible when plaintiff's claim could have been filed in federal court originally, we must look to plaintiff's claim to determine

whether removal was appropriate. <u>Burns v. Windsor Insurance Co.</u>, 31 F.3d 1092, 1095 (11th Cir. 1994). When diversity of citizenship is the basis of Federal jurisdiction, it must be found to exist at the time the Complaint was filed. <u>OJB, Inc.v. Dowell; A Division of Dow Chemical Co.</u>, 650 F. Supp. 42 (N.D. Tex. 1986); <u>Portis v. Sears, Roebuck & Co.</u>, 621 F. Supp. 682 (E.D. Mo. 1985); <u>See generally</u>, 14A C. Wright, A. Miller & E. Cooper, <u>Federal Practice and Procedure</u>, Section 3723 (1985). It is clear from the record that at the time the Complaint was filed the allegations of the Complaint were insufficient to satisfy diversity jurisdiction.

A review of the Complaint reveals that the requisite diversity of citizenship as to Plaintiff and Defendant is not apparent on the face of the Complaint. The Complaint alleges only that:

2.   At all times material hereto and at the times of the incidents complained of, the Plaintiff was a resident of Broward County, Florida.

An allegation of residence is not sufficient to establish citizenship. <u>Nadler v. American Motors Sales Corp.</u>, 764 F.2d 409 (5th Cir. 1985); <u>Congress of Racial Equality v. Clemmons</u>, 323 F.2d 54 (5th Cir. 1962), <u>cert</u>. <u>denied</u>, 375 U.S. 992 (1964); <u>Baker v. Data Dynamics, Inc.</u>, 561 F. Supp. 1161 (W.D.N.C. 1983). In the Complaint, there are no allegations of citizenship, only allegations of residence. Therefore, the diversity of citizenship requirements of 28 U.S.C. § 1332 have not been satisfied.

In addition, Paragraph 1 of Plaintiffs' Complaint states:

This is an action for damages which exceed Fifteen Thousand Dollars ($15,000.00), exclusive of interest

2

and costs.

28 U.S.C. § 1332(a) sets forth the requisite amount in controversy for diversity jurisdiction to exceed the sum or value of $75,000.00, exclusive of interest and costs.  Obviously, a demonstration of this threshold was not met.

The Court notes that pursuant to 28 U.S.C. § 1447(c), this Court may, sua sponte, review this matter, and "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

It should be kept in mind that the statutes conferring both diversity and removal jurisdiction are to be strictly construed. District Courts are to strictly construe the complex removal procedures as removal is in derogation of state court jurisdiction. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365 (1978). Further, Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing . . . where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand. Burns v. Windsor Insurance Co., 31 F.3d at 1095; see also Boyer v. Snap-on Tools Corp., 913 F.2d 108 (3rd Cir. 1990); Coker v. Amoco Oil Co., 709 F.2d 1433 (11th Cir. 1983). Moreover, it is well settled that the removal statute is to be strictly construed against removal and in favor of remand.  Libhart v. Santa Monica Dairy Co., 592 F.2d 1062 (9th Cir. 1979).

The Court notes that the Federal Courts are Courts of limited jurisdiction.  The presumption, in fact, is that a Federal Court lacks jurisdiction in a particular case until it has been

demonstrated that jurisdiction over the subject matter exists.
Fitzgerald v. Seaboard System Railroad, Inc., 760 F.2d 1249 (11th
Cir. 1985). Therefore, the facts showing the existence of
jurisdiction must be affirmatively alleged in the Complaint.
Kirkland Masonry, Inc. v. Commissioner of Internal Revenue, 614
F.2d 532 (5th Cir. 1980); see also 13 Wright, Miller & Cooper,
Federal Practice and Procedure, Section 3522 (1984).

Accordingly, the above-styled cause is **REMANDED** to the state
forum for further proceedings in that this Court lacks subject
matter jurisdiction.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Clerk of the
United States District Court, Southern District of Florida, be and
the same is hereby directed to forward a certified copy of this
Order to the Clerk of the Circuit Court of the Seventeenth Judicial
Circuit, in and for Broward County, Florida, Case No. 97-005752 14.

To the extent not otherwise disposed of herein, all pending
Motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward
County, Florida, this _23_ day of June, 1997.

                                    WILLIAM J. ZLOCH
                                    United States District Judge

Copies furnished:

John F. Meagher, Esq.
Carl S. Karmin, Esq.

Clerk, Circuit Court
Broward County, Florida
(Certified copy)

4

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 97-05752 CACE

JUL   2 1997

PHILIP GORDON,

       Plaintiff,

v.

**A TRUE COPY**
**Circuit Court Seal**

JOHN HANCOCK MUTUAL
LIFE INSURANCE COMPANY,

       Defendant.

_____/

## DEFENDANT'S FIRST REQUEST FOR ADMISSIONS

Defendant, JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY ("John Hancock"), by and through undersigned counsel, hereby propounds its First Requests for Admissions to plaintiff, PHILIP GORDON ("Gordon"), pursuant to Rule 1.370, Florida Rules of Civil Procedure and requests plaintiff to admit the following facts:

1.     Plaintiff Philip Gordon is a resident of the state of Florida.

2.     Plaintiff Philip Gordon is a citizen of the state of Florida.

3.     The total amount of business overhead expense disability insurance benefits claimed by Gordon in this matter exceeds $75,000.00.

4.    - The total damages sought by Gordon in this action, exclusive of interest and costs, exceeds $75,000.00.

**SHUTTS & BOWEN LLP**
Attorneys for Defendant
201 S. Biscayne Boulevard
1500 Miami Center
Miami, Florida 33131
(305) 358-6300

By: _____
John E. Meagher
Florida Bar No. 511099
Jeffrey M. Landau
Florida Bar No. 863777

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 30TH day of June, 1997 to Carl S. Karmin, Karmin & Adler, 750 Southeast Third Avenue, Suite 200, Fort Lauderdale, Florida 33316.

_____
Of Counsel

MIA95 150349.1 - TDW

-2-

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA.

CASE NUMBER: 97-05752-14
JUDGE      : STREITFELD

PHILIP GORDON,

     Plaintiff,

vs.

JOHN HANCOCK MUTUAL LIFE
INSURANCE COMPANY,

     Defendant.

_____/

## RESPONSE TO FIRST REQUEST FOR ADMISSIONS

John E. Meagher, Esquire
SHUTTS & BOWEN
201 S. Biscayne Blvd., 1500 Miami Center
Miami, Florida 33131

COMES NOW the Plaintiff, PHILIP GORDON, by and through his undersigned counsel, and files this his Response to First Request for Admissions, which was propounded by the Defendant on June 30, 1997, and would respond as follows:

    1.  Admitted.

    2.  Admitted.

    3.  Admitted.

    4.  Admitted.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail to:  the above named addressee, on this ____17th____ day of July, 1997.

KARMIN & ADLER
Attorneys for Plaintiffs
750 S.E. 3rd Avenue
Suite 200
Fort Lauderdale, Florida 33316
Tel:  (954) 768-9060

By: _____
       CARL S. KARMIN
       Florida Bar No:  384127