UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 97-6875-CIV-HIGHSMITH

PHILIP GORDON,

MAGISTRATE JUDGE SELTZER

    Plaintiff,

vs.

JOHN HANCOCK MUTUAL
LIFE INSURANCE COMPANY,

    Defendant.
_____/



### DEFENDANT JOHN HANCOCK'S MOTION TO COMPEL DISCOVERY AND MEMORANDUM IN SUPPORT THEREOF

Defendant, John Hancock Mutual Life Insurance Company ("John Hancock"), moves, pursuant to Rule 37, Federal Rules of Civil Procedure, for entry of an Order compelling Plaintiff Philip Gordon ("Gordon") to produce documents and answer interrogatories, and further awarding John Hancock its reasonable expenses and fees incurred in bringing the instant motion. The grounds for this motion are:

1.     John Hancock served its First Request for Production and First Set of Interrogatories to Gordon on June 11, 1997. Copies of the request for production and interrogatories are attached hereto as Exhibits "A" and "B."[1]

---

[1] This case initially was filed in Circuit Court, Broward County, and was removed to this Court. Gordon v. John Hancock, Case No. 97-6602-CIV-ZLOCH. The discovery was served while the case was pending in district court. When Judge Zloch determined that the record at the time showed that the case was not removable, the case was remanded to state court. Subsequent discovery adequately revealed the grounds for diversity removal, and the case was removed again to this Court.

2. Gordon's responses to the document requests and interrogatories were due July 14, 1997.

3. Gordon failed to respond either to the document requests or the interrogatories in any manner by the date due.

4. Counsel for John Hancock has written to Gordon's counsel reminding them of the overdue discovery responses. To date, however, no responses have been received.

5. The time for Gordon's responses to the discovery has long since passed and Gordon has not responded either to the request for production of documents or to the interrogatories by producing documents or answering the interrogatories, making objections, or otherwise seeking protection from the Court. See Badalamenti v. Dunham's, Inc., 896 F.2d 1359, 1362 (Fed. Cir.), cert. denied, 498 U.S. 851, 111 S.Ct. 142 (1990). Further, no request for an enlargement of time has been made or granted. Gordon simply has ignored the document requests and interrogatories and his obligations under the Federal Rules of Civil Procedure.

6. Accordingly, John Hancock is entitled to entry of an Order compelling Gordon to produce all documents requested in the request for production, and to answer the interrogatories in full. Of course, any objections which could have been made to the discovery have been waived by Gordon's failure to timely respond and object. See 8 C. Wright & A. Miller Federal Practice and Procedure § 2173 ("In the absence of an extension of time, failure to object within the time fixed by the rule is a waiver of any objection.")

7. Moreover, pursuant to Rule 37, Federal Rules of Civil Procedure, this Court may enter sanctions against Gordon for his failure to respond to John Hancock's discovery requests and interrogatories. Such sanctions can include dismissal of Gordon's complaint, see Marx v. Kelly, Hart

-2-

& Hillman, P.C., 929 F.2d 8 (1st Cir. 1991), or precluding Gordon from introducing at trial witnesses or documents sought in John Hancock's pending discovery requests. At minimum, John Hancock is entitled to be reimbursed by Gordon for all costs, including attorneys' fees, necessitated and incurred in filing this motion.

8. Pursuant to Local Rule 26.1(I), counsel for John Hancock certifies that prior to the filing of this discovery motion they attempted to confer with counsel for Gordon in a good faith effort to resolve by agreement the issues raised by this motion, and that Gordon has not responded to the requests for production and interrogatories.

WHEREFORE, based on the foregoing, Defendant, John Hancock Mutual Life Insurance Company, respectfully requests the entry of an Order compelling plaintiff Gordon to produce the requested documents and answer interrogatories in full and to pay to John Hancock the attorneys' fees and costs incurred in bringing this Motion, together with such other and further relief as the Court deem just and equitable, including the striking of Gordon's pleadings or precluding the use at trial by Gordon of witnesses and evidence not disclosed.

Respectfully submitted,

**SHUTTS & BOWEN LLP**
Attorneys for John Hancock
201 S. Biscayne Boulevard
1500 Miami Center
Miami, Florida 33131
(305) 358-6300
Telecopier: (305) 381-9982

By: _____
John E. Meagher
Florida Bar No. 511099
Jeffrey M. Landau
Florida Bar No. 863777

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 6TH day of August, 1997, to Carl S. Karmin, Karmin & Adler, 750 Southeast Third Avenue, Suite 200, Fort Lauderdale, Florida 33316.

_____
Of Counsel

MIA95 157342.1 - TDW