UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 97-6875-CIV-HIGHSMITH

PHILIP GORDON,

MAGISTRATE JUDGE SELTZER

    Plaintiff,

vs.

JOHN HANCOCK MUTUAL
LIFE INSURANCE COMPANY,

    Defendant.
_____/

## DEFENDANT JOHN HANCOCK'S
## NOTICE OF FILING OF EXHIBITS
## TO MOTION TO COMPEL DISCOVERY

Defendant, John Hancock Mutual Life Insurance Company ("John Hancock"), by and through undersigned counsel, hereby files Exhibits "A" and "B" to its Motion to Compel Discovery and Memorandum in Support Thereof, which were inadvertantly not attached to the Motion as filed with the Court on August 6, 1997.

Respectfully submitted,

**SHUTTS & BOWEN LLP**
Attorneys for John Hancock
201 S. Biscayne Boulevard
1500 Miami Center
Miami, Florida 33131
(305) 358-6300
Telecopier: (305) 381-9982

By: _____
John E. Meagher
Florida Bar No. 511099
Jeffrey M. Landau
Florida Bar No. 863777

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 7TH day of August, 1997, to Carl S. Karmin, Karmin & Adler, 750 Southeast Third Avenue, Suite 200, Fort Lauderdale, Florida 33316.

_____
Of Counsel

MIA95 158104.1 - TDW

SHUTTS & BOWEN LLP / 1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358-6300

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

PHILIP GORDON,

    Plaintiff,

v.

JOHN HANCOCK MUTUAL
LIFE INSURANCE COMPANY,

    Defendant.
_____/

CASE NO. 97-6602-CIV-ZLOCH

Magistrate Judge Seltzer

**DEFENDANT
JOHN HANCOCK'S FIRST REQUEST
FOR PRODUCTION OF DOCUMENTS
TO PLAINTIFF**

Defendant John Hancock Mutual Life Insurance Company ("John Hancock"), pursuant to Rule 34, Federal Rules of Civil Procedure, hereby submits its First Request for Production of Documents to Plaintiff Philip Gordon ("Gordon"). The documents requested herein are to be produced at the offices of Shutts & Bowen, 1500 Miami Center, 201 South Biscayne Boulevard, Miami, Florida 33131, or at any other mutually agreeable place, at a time and date mutually agreed upon by counsel, within the time allowed by the Federal Rules of Civil Procedure.

### I. DEFINITIONS

1. "Person" means and includes any natural person, corporation, partnership, association, firm, or any other private organization, governmental agency or entity, and includes the plural.

2. "Plaintiff," "Gordon," or "you" refers to and includes Gordon and any of his employees, agents, representatives, attorneys, and any other person directly or indirectly within Plaintiff's control, collectively and individually.

EXHIBIT A

3. "Defendant" refers to John Hancock, and any of its employees, agents, representatives and any other person known or believed by Plaintiff to be directly or indirectly within John Hancock's control, collectively and individually.

4. "Policy" refers to John Hancock disability insurance policy H009-754-606.

5. "Document" is intended to be defined as broadly as in Rule 34 of the Federal Rules of Civil Procedure.

6. "Relate", "related", "relating", "referring to", "reflecting", "pertaining to," and "concerning" mean and includes warrant or warranting, prove, proving or tending to prove, disprove, disproving, tending to disprove, contain or containing, constitute or constituting, describe or describing, discuss or discussing, evidence or evidencing, refer or referring, state or stating, assess or assessing, record or recording.

7. "And" or "or" shall be construed conjunctively and disjunctively so as to require the broadest possible production in response to any particular document request.

8. Reference to the singular shall include the plural and reference to the masculine gender shall include the feminine gender.

9. The term "all documents" means every document or group of documents as above defined that are known to you or that can be located or discovered by reasonably diligent efforts.

10. Unless otherwise specified, the relevant time period for these requests is from January 1, 1987 to the present.

## II. INSTRUCTIONS

The following instructions shall apply herein:

-2-

1. Defendant hereby requests Plaintiff to produce and permit the inspection and copying or photographing of the following designated documents, and other tangible things, to the extent that no claim of privilege is made for such documents.

2. If any documents requested are claimed to be privileged, please list the following for each document claimed to be privileged:

    (a) Any title or heading and a brief description of the nature and contents of each document claimed to be privileged and its date;

    (b) The name, address, occupation and capacity of the document's author and the name, address, occupation and capacity of the individual(s) to whom the allegedly privileged document was disseminated, if any; and

    (c) The privilege claimed, and the basis therefore.

3. Unless otherwise agreed, all documents to be produced shall be produced in the form that they are maintained in the ordinary course of business.

4. Where you are aware of the identity of a document responsive to a request herein, which would be produced by you but for its loss or destruction, please identify that document as completely as possible by identifying the type of document, its date, author(s), and recipient(s). Also, please identify the substance and contents of that document, specify the circumstances surrounding its loss or destruction, and identify the request(s) to which the document pertains.

## DOCUMENTS REQUESTED

1. All federal or state tax returns of any professional association, partnership, or corporation of which Gordon was a stockholder and/or partner from 1987 to the present.

2. All medical records relating to Gordon's claimed disability.

SHUTTS & BOWEN LLP / 1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358-6300

3. All claim forms for all claims for benefits made by Gordon under any life, disability, hospitalization, major medical or health insurance policy (either group or individual), workmen's compensation or Social Security, from 1987 to the present, whether the benefits sought were ultimately paid or not.

4. All documents, including, but not limited to, correspondence, medical reports, operative reports, notes, bills, x-rays and/or charts relating to any medical treatment undergone by Gordon from 1987 through the present date.

5. All documents reflecting receipt by Gordon of any monies paid by John Hancock to Gordon in payment of disability insurance proceeds, including, but not limited to, payments received pursuant to the Policy.

6. All documents reflecting disability insurance policies maintained by Gordon at any time from 1987 to the present, whether or not such policies are still valid or otherwise in effect.

7. All documents and pleadings reflecting litigation between Gordon and any insurer, whether health, disability, life, professional liability, malpractice, automobile, or property.

8. All United States Income Tax returns for Gordon from 1987 through 1996. (If you do not have complete copies of these returns, please provide a release to IRS for same.)

9. All correspondence between Gordon or any representative or attorney for Gordon and any insurance company regarding his alleged disability.

10. All documents which substantiate Gordon's claims for overhead expense benefits in this matter, including all documents referenced in Interrogatory No. 13, served concurrently herewith.

-4-

11. All documents identified in Gordon's answers to John Hancock's first set of interrogatories to Gordon in this action not otherwise specifically requested herein.

> SHUTTS & BOWEN LLP
> Attorneys for John Hancock
> 201 South Biscayne Boulevard
> 1500 Miami Center
> Miami, Florida 33131
> (305) 358-6300
> Telecopier: (305) 381-9982
>
> By: _____
> John B. Meagher
> Florida Bar No. 511099
> Jeffrey M. Landau
> Florida Bar No. 863777

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 11th day of June, 1997 to Carl S. Karmin, Karmin & Adler, 750 Southeast Third Avenue, Suite 200, Fort Lauderdale, Florida 33316.

_____
Of Counsel

MIA95 145534.1 - TDW

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

PHILIP GORDON,

    Plaintiff,

v.

JOHN HANCOCK MUTUAL
LIFE INSURANCE COMPANY,

    Defendant.
_____/

CASE NO. 97-6602-CIV-ZLOCH

Magistrate Judge Seltzer

**DEFENDANT
JOHN HANCOCK'S INITIAL
INTERROGATORIES TO PLAINTIFF**

Defendant, John Hancock Mutual Life Insurance Company ("John Hancock"), pursuant to Rule 33 of the Federal Rules of Civil Procedure, propounds the following Interrogatories to Plaintiff, Philip Gordon ("Gordon"), to be answered fully and completely in writing under oath within thirty (30) days after service.

## DEFINITIONS AND INSTRUCTIONS

1. When knowledge or information in possession of "Plaintiff", "Gordon", or "you", is requested, such request includes knowledge of Plaintiff, Philip Gordon, any of his employees, agents, representatives, attorneys, and any other person or entity directly or indirectly subject to Plaintiff's control.

2. "Document" is intended to be defined as broadly as in Rule 34 of the Federal Rules of Civil Procedure, and to include, without limitation, any written, recorded or graphic matter, however produced or reproduced, and whether or not now in existence, including but not limited to, correspondence, telegrams, notes or sound recordings of any type of personal or telephone conversations, or of meetings or conferences, minutes of meetings, memoranda, interoffice



SHUTTS & BOWEN LLP  1500 MIAMI CENTER · 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131 / (305) 358-6300

communications, studies, analyses, reports, results of investigations, reviews, contracts, agreements, working papers, statistical records, ledgers, books of account, vouchers, bank checks, invoices, receipts, computer data, stenographer's note books, desk calendars, appointment books, diaries, audio or video recordings, or paper similar to any of the foregoing, however denominated. It includes all matter that relates or refers in whole or in part to the subjects referred to in any Interrogatory. If a document has been prepared in several copies, or additional copies have been made, and the copies are not identical (or which, by reason of subsequent modification are no longer identical) each nonidentical copy is a separate "document."

3. "<u>Identify</u>" or "<u>the identity of</u>" means:

(a) Whenever in the Interrogatories you are asked "the identity of" or to "identify" a document, you shall specifically designate the type of document (i.e., letter, interoffice memorandum, reports, etc.) and shall state: (i) information sufficient to enable Defendant to identify the document, such as its date, the name, address, occupation, and capacity of signers, the title or heading of the document, the subject matter of the document, and its approximate number of pages; (ii) the name, address, occupation and capacity of the person(s) to whom copies were sent; (iii) the present or last known location of the possessor of the original of the document (or, if that is unavailable, the most legible copy).

(b) Wherever in these Interrogatories you are asked "the identity of" or to "identify" a person, you shall furnish information sufficient to enable Defendant to identify the person, including his name, his present whereabouts (home address, employment address, telephone number), his present position, prior relevant positions he has held and similar identifying information.

SHUTTS & BOWEN LLP / 1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358-6300

(c) Wherever in these Interrogatories you are asked to "identify" a communication, you shall indicate the date thereof, whether the communication was oral or written, identify the document if the communication was written (or, if the oral communication was recorded in any manner in a document), identify the person or persons who sent, received or had knowledge of the communication, and state the information communicated.

4. "Person" means and includes any natural person, corporation, partnership, association, firm, or any other private organization, governmental agency, or entity, and includes the plural.

5. If you cannot answer any portion of any of the following Interrogatories in full, after exercising due diligence to secure the information to do so, so state, and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portions.

6. If you claim privilege as to any communication or information which is requested by these Interrogatories, or as to any answer requested by these Interrogatories, specify the privilege claimed, identify the document, communication and/or answer to which that claim is made, the topic discussed in the communication or documents, and the basis on which you assert the claim.

7. Unless otherwise designated herein, the relevant time frame is January 1, 1987 through the date of providing answers to the Interrogatories.

SHUTTS & BOWEN LLP 1500 MIAMI CENTER 201 SOUTH BISCAYNE BOULEVARD MIAMI, FLORIDA 33131 / (305) 358-6300

## INTERROGATORIES

**Interrogatory No. 1**: State whether Plaintiff has been confined and/or treated in any hospital, sanatorium or other health care facility (including outpatient care in a physician's office) from 1987 to the present.

**Interrogatory No. 2**: If the answer to Interrogatory No. 1 is yes, state:
  a. The name and address of <u>each</u> hospital, sanatorium or other health care facility;

  b. The dates of <u>each</u> confinement and/or treatment for each institution listed; and

  c. The reason for <u>each</u> treatment or confinement.

-4-

Interrogatory No. 3: State whether Plaintiff has made application for any life, disability, hospitalization, major medical or health insurance policy (group or individual) from 1987 to the present, whether a policy was ultimately issued or not. If yes, state:

    a.    The name and address of each company;

    b.    The date of each application; and

    c.    Type of insurance applied for.

Interrogatory No. 4: State whether Plaintiff has made any claim for benefits under any life, disability, hospitalization, major medical or health insurance policy (either group or individual), or workmen's compensation, or Social Security, from 1987 to the present, whether the benefits sought were ultimately paid or not. If yes, state:

    1.    The name and address of each company to which a claim was made;

    2.    The date of each claim; and

    3.    The type of benefits applied for.


<u>Interrogatory No. 5:</u> State the name and address of each doctor or other health care provider from whom treatment was sought by Gordon or with whom Gordon consulted from 1987 to the present.

<u>Interrogatory No. 6:</u> For each individual listed in the answer to Interrogatory No. 5, state:

    a.    The date of each visit with each individual listed; and

    b.    The reason for each visit.

SHUTTS & BOWEN LLP   1500 MIAMI CENTER   201 SOUTH BISCAYNE BOULEVARD   MIAMI, FLORIDA 33131   (305) 358-6300

<u>Interrogatory No. 7</u>: State the name and address of each company which provided major medical and/or hospitalization insurance to Gordon (whether group or individual coverage) from 1987 to the present.

<u>Interrogatory No. 8</u>: For each month since Gordon allegedly became totally disabled, until the present, state the amount and source of all income received by Gordon.

-7-

<u>Interrogatory No. 9</u>:  If within the past 10 years Gordon has initiated an action against, or had an action initiated against him, by any insurance carrier, please state the case name and number and court in which the action was and/or is pending.

<u>Interrogatory No. 10</u>:  Please list each address at which you have resided in the past 10 years, indicating the dates of residence for each address.

-8-

Interrogatory No. 11: Please identify by name and address all individuals who you believe have knowledge of facts or information pertinent to your claims in this action.

Interrogatory No. 12: From 1987 to the present, please list all employment held by Gordon. For each job, please list:

    a.    Employer;

    b.    Employer's address and telephone number;

    c.    Dates of employment;

    d.    Yearly income;

    e.    Hours worked each week;

    f.    Principal duties and responsibilities; and

    g.    Name of Gordon's principal supervisor.

<u>Interrogatory No. 13</u>: For each month in which you are claiming business overhead expense disability insurance benefits, please list the amount of each expense claimed, the date of the expense, and an explanation of the expense (including the name and address of any supplier or employee for whom reimbursement is sought.)

SHUTTS & BOWEN LLP   1500 MIAMI CENTER · 201 SOUTH BISCAYNE BOULEVARD · MIAMI, FLORIDA 33131 · (305) 358-6300

_____
Philip Gordon

STATE OF FLORIDA      )
                      )SS
COUNTY OF PALM BEACH  )

BEFORE ME, the undersigned authority, this day personally appeared Philip Gordon, who, being by me first duly sworn, deposes and says that he executed the foregoing interrogatories and that they are true and correct to the best of his knowledge and belief.

SWORN TO AND SUBSCRIBED before me this ___ day of _____, 1997.

_____
Notary Public
Personally Known ___
or Produced Identification ____
Type: _____

-11-

SHUTTS & BOWEN
Attorneys for John Hancock
201 South Biscayne Boulevard
1500 Miami Center
Miami, Florida 33131
(305) 358-6300

By: _____
John E. Meagher
Florida Bar No. 511099
Jeffrey M. Landau
Florida Bar No. 863777

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 11th day of June, 1997 to Carl S. Karmin, Karmin & Adler, 750 Southeast Third Avenue, Suite 200, Fort Lauderdale, Florida 33316.

_____
Of Counsel

MIA95 145526.1 - TDW

-12-