UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 97-6875-CIV-ZLOCH

PHILIP GORDON,

    Plaintiff,

vs.

JOHN HANCOCK MUTUAL
LIFE INSURANCE COMPANY,

    Defendant.
_____/

**FINAL ORDER OF REMAND**

FILED by ___ D.C.
SEP 24 1997
CARLOS J[UENKE]
CLERK U.S. D[I]S[T.] C[T.]
S.D. OF FLA. FT LAUD.

THIS MATTER is before the Court, sua sponte, and upon the Defendant, John Hancock Mutual Life Insurance Company's, Notice of Removal (DE 1), and the Court having carefully reviewed the allegations of the Complaint, having carefully reviewed this court file, and being otherwise fully advised in the premises, it is

**ORDERED AND ADJUDGED** that the Notice of Removal (DE 1) filed herein by the Defendant, John Hancock Mutual Life Insurance Company, be and the same is hereby **DENIED**.

The Court notes that Defendant previously filed a Notice of Removal (Case No. 97-6602-CIV-ZLOCH, (DE 1)), which this Court, by Order dated June 23, 1997, denied and remanded the case to the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Case No. 97-005752 14. In that Order, this Court stated the following:

> When diversity of citizenship is the basis of Federal jurisdiction, it must be found to exist at the time the Complaint was filed. OJB, Inc. v. Dowell; A Division of Dow Chemical Co., 650 F. Supp. 42 (N.D. Tex. 1986); Portis v. Sears, Roebuck & Co., 621 F. Supp. 682 (E.D. Mo. 1985); see generally, 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, Section 3723 (1985). It is

clear from the record that at the time the Complaint was filed the allegations of the Complaint were insufficient to satisfy diversity jurisdiction.

This Court found that a "review of the Complaint reveals that the requisite diversity of citizenship as to the Plaintiffs and the Defendant is not apparent on the face of the Complaint." This Court further found that the Complaint failed to allege the requisite amount in controversy for diversity jurisdiction.

The present Notice Of Removal again appears to be premised upon this Court's diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. This Court again finds that the Complaint failed to allege the requisite diversity of citizenship as to the Plaintiff and Defendant, or allege the requisite amount in controversy for diversity jurisdiction.

As this Court noted in its previous Order:

> It should be kept in mind that the statutes conferring both diversity and removal jurisdiction are to be strictly construed. District courts are to strictly construe the complex removal procedures as removal is in derogation of state court jurisdiction. <u>Owen Equip. & Erection Co. v. Kroger</u>, 437 U.S. 365 (1978). Further, defendant's right to remove and plaintiff's right to choose his forum are not on equal footing . . . where a plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand. <u>Burns v. Windsor Insurance Co.</u>, 31 F.3d at 1095; <u>see also</u> <u>Boyer v. Snap-on Tools Corp.</u>, 913 F.2d 108 (3rd Cir. 1990); <u>Coker v. Amoco Oil Co.</u>, 709 F.2d 1433 (11th Cir. 1983). Moreover, it is well settled that the removal statute is to be <u>strictly construed</u> against removal and in favor of remand. <u>Libhart v. Santa Monica Dairy Co.</u>, 592 F.2d 1062 (9th Cir. 1979).
>
> The Court notes that the Federal Courts are Courts of limited jurisdiction. The presumption, in fact, is that a Federal Court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. <u>Fitzgerald v. Seaboard System Railroad, Inc.</u>, 760 F.2d 1249 (11th Cir. 1985).

Therefore, the facts showing the existence of jurisdiction must be affirmatively alleged in the Complaint. <u>Kirkland Masonry, Inc. v. Commissioner of Internal Revenue</u>, 614 F.2d 532 (5th Cir. 1980); <u>see</u> <u>also</u> 13 Wright, Miller & Cooper, <u>Federal Practice and Procedure</u>, Section 3522 (1984).

Again, this Court notes that pursuant to 28 U.S.C. section 1447(c), this Court may, sua sponte, review this matter, and "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case should be remanded."

Accordingly, the above-styled cause is **REMANDED** to the state forum for further proceedings in that this Court lacks subject matter jurisdiction.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Clerk of the United States District Court, Southern District of Florida, be and the same is hereby directed to forward a certified copy of this Order to the Clerk of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Case No. 97-005752 14.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 24th day of September, 1997.

WILLIAM J. ZLOCH
United States District Judge

Copies Furnished:

John F. Meagher, Esq.
Carl S. Karmin, Esq.

Clerk, Circuit Court
Broward County, Florida
  (certified copy)